IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.:   3:05cr99/LAC/EMT
                                                    3:19cv3640/LAC/EMT

JOHN HOANG CAO,
         Defendant.

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant John Cao's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 678).   Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."   After a review of the record, the undersigned concludes that the court does not have jurisdiction to entertain Cao's motion and that it should be dismissed.

## BACKGROUND and ANALYSIS

John Cao was sentenced to 480 months of imprisonment after pleading guilty in the above-styled case to conspiracy to possess with intent to distribute cocaine

and 3,4-Methylenedioxymethamphetamine ("MDMA"), and a concurrent term of 240 months of imprisonment for money laundering in Case 3:05cr101 (ECF Nos. 143, 342; Case 3:05cr101, ECF Nos. 6, 44).   The Eleventh Circuit affirmed Cao's sentences in a consolidated appeal (ECF No. 469).

Cao has filed multiple motions for postconviction relief.   His first § 2255 motion, filed in 2008, was denied on the merits (ECF Nos. 504, 558, 561). The Eleventh Circuit denied a certificate of appealability (ECF No. 575), and the district court later denied Cao's motion pursuant to Federal Rule of Civil Procedure 60(b) finding it an improper attempt to relitigate the § 2255 proceedings (ECF Nos. 604–606).

In 2013, Cao filed another request for § 2255 relief.   This motion was summarily dismissed because Cao had not first obtained authorization from the Eleventh Circuit to file a second or successive § 2255 motion (ECF Nos. 609–611). In 2015, he unsuccessfully moved for relief from his original judgment pursuant to Rule 60(b)(c) (ECF Nos. 619–621).   Cao obtained two sentence reductions in July of 2015 and October 2017, respectively, with his final sentence reduced from 480 to 292-months imprisonment (ECF Nos. 614, 626, 647, 648).

In April of 2019, Cao filed a motion to vacate the court's order denying his original § 2255 motion (ECF No. 675).    The district court summarily denied this motion as untimely and without merit (ECF No. 676).

Cao has now filed his third § 2255 motion (ECF No. 678).    He seeks sentencing relief based on the alleged recantation of a witness's testimony against him (*id*. at 6).    An affidavit dated November 3, 2016, from the witness in question is appended to the motion (*id.* at 24).    Before filing his most recent motion, Cao filed an application for leave to file a second or successive motion to vacate, set aside or correct sentence in the Eleventh Circuit.    On August 9, 2019, the appellate court found that the three arguments Cao sought to raise did not meet the requirements of § 2255(h), and it denied and dismissed his application (ECF No. 677).

Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.    28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010).    Cao moved for, but did not obtain, permission to file a second or successive § 2255 motion in the appellate court.    He states in his supporting memorandum that he "is seeking permission to file a successive Section 2255

Case Nos.: 3:05cr99/LAC/EMT; 3:19cv3640/LAC/EMT

motion" (ECF No. 678 at 14).    However, only the Eleventh Circuit may grant such permission, and it has declined to do so.    Therefore, the court does not have jurisdiction to consider the instant motion, and it must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."    A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.    Rule 11(b), § 2255 Rules.

The court finds no substantial showing of the denial of a constitutional right in this case.    § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).    Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."    If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:05cr99/LAC/EMT; 3:19cv3640/LAC/EMT

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.      The "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 678) be summarily **DISMISSED**.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 8th day of October 2019.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.   Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**